UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RANDY MACK and CHERYL FISCHBACH, as Guardians Ad Litem for GERALD MACK, an incapacitated person, and MARJORIE MACK, <br><br> Plaintiffs, <br><br> vs. <br><br> KEITH MARQUAND; SENIOR SECURITY ESTATE PLANS, INC.; and OM FINANCIAL LIFE INSURANCE COMPANY, f/k/a AMERICOM LIFE AND ANNUITY INSURANCE COMPANY, <br><br> Defendants. | CIV. 09-5079-JLV <br><br> ORDER STAYING PROCEEDINGS |

Plaintiffs ("Macks") filed their complaint in Circuit Court, Seventh Judicial Circuit, Pennington County, South Dakota, asserting a number of claims against the defendants, jointly and severally, including negligence, undue influence, breach of fiduciary duty, practicing law without a license, selling annuities insurance without a license, breach of professional responsibilities, intentional infliction of emotional distress, unjust enrichment, and negligent supervision. (Docket 1-1). The complaint alleges that defendant Keith Marquand was an employee and agent of defendants Senior Security Estate Plans, Inc., ("SSEP") and OM Financial Life Insurance

Company ("OM").  Id. at ¶ 3.  In that capacity, Marquand is alleged to have moved Macks' monies from a number of investments into annuities contracts managed by OM.  Id. at ¶ 14.  Macks allege that those transactions were detrimental to plaintiffs' best financial interests.  Id. at ¶ 24.

Defendants removed the case to federal district court pursuant to 28 U.S.C. §§ 1441 and 1146 (diversity of citizenship).  In its answer, OM alleged that defendant "Marquand was an independent insurance agent contracted with Legacy Marketing Group and appointed with OM . . . to sell certain products."  (Docket 6, ¶ 3).  OM alleged plaintiffs' damages, if any, were the result of actions or events over which OM had no control or responsibility.  Id.  If any wrongdoing was committed, OM claims such conduct was committed by persons over whom OM had no control or responsibility, and at all times, defendant Marquand was acting as an independent contractor and OM is not vicariously liable for his actions.  Id. at Affirmative Defenses, pp. 8-10.  Marquand admits that he is a shareholder of SSEP.  (Docket 8, ¶ 4).  While admitting to a business relationship with plaintiffs, Marquand denies any allegations of improper conduct.  Id. at ¶ 27.

On February 16, 2010, the parties submitted their Joint Form 35 Report.  (Docket 14).  The court entered a scheduling order on February 18,

2010. (Docket 16). On June 15, 2010, plaintiffs filed a motion to compel defendant OM to answer interrogatories and respond to requests for production of documents. (Docket 18). While that motion was pending, OM filed a motion to stay proceedings. (Docket 20).

The basis for the motion to stay is OM's assertion that plaintiffs' claims were adjudicated and discharged as part of a settled action in United States District Court, Central District of California, in litigation captioned <u>Negrete v. Fidelity and Guaranty Life Insurance Company</u>, No. CV-05-6837-CAS-MANx ("<u>Negrete</u>"). <u>Id.</u> It appears on August 9, 2010, the Honorable Christina A. Snyder, United States District Judge for the Western Division, Central District of California, conducted a show cause hearing which was attended by counsel for plaintiffs in this South Dakota proceeding. (Docket 31-1). Although a formal order has yet to be entered, the Civil Minutes - General, created as part of the California District Court proceeding, are informative for purposes of considering the motion to stay. Judge Snyder found that Macks owned three annuities which were included in the class action settlement agreement, thus making the Macks a class member. (Docket 31-1, p. 7). Judge Snyder denied Macks' motion to opt out of class member status. <u>Id.</u> at p. 10. Judge Snyder's oral order "preliminarily enjoins the Macks . . . from taking any action in their case[ ] presently pending in the District[ ] of South Dakota . . . without first giving notice to

3

this Court." Id. at p. 13. Judge Snyder finally required Macks on

September 13, 2010, to:

> SHOW CAUSE why they should not be enjoined from prosecuting, pursuing, or participating in any way in any action, proceeding, hearing, or other matter now pending or subsequently filed in any venue . . . including the Mack litigation now . . . pending in the United States District Court for the District of South Dakota . . . relating to, referring to, or arising out of in any way the Release Claims . . . in the Settlement Agreement.

Id. It is presumed that a properly executed copy of Judge Snyder's order in those proceedings will be filed with this court upon receipt by counsel.

Those released claims, as defined in the Settlement Agreement (Docket 22-5), include:

> a. any and all past or present claims, complaints, or causes of action, allegations of liability, damages, restitution, equitable, legal or interest, demands or rights whether known or unknown,
>
> b. that concern, refer or relate to, or arise out of, in whole or in part, the offering of advice in any manner related to the Annuities, or the design, marketing, solicitation and sale of the Annuities, as well as the crediting of interest to policy accounts,
>
> c. including, but not limited to, all claims that were asserted in this Action, or that could have been asserted against OM before any court, arbitration panel, or regulatory or administrative agency based on or related to facts alleged in the complaint filed in this Action, whether or not brought directly, indirectly, on a representative basis, or otherwise including but not limited to, actions brought on behalf of Plaintiff and/or Class Members by any state or federal government officials or agencies.

(Docket 22-5, p. 58).

4

The United States Supreme Court has long declared that "before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical." Landis v. North American Company, 299 U.S. 248, 254 (1936). It appears from the submissions before this court that the parties, the Macks and OM, are the same parties litigating these same issues in California. However, separate and apart from the California class action litigation, because of the independent claims Macks assert against Marquand and SSEP, the court must determine how best to manage its own case. While the court could grant a stay only to OM, it is a better use of judicial resources to stay the entire proceedings until the Negrete court has completed its show cause proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Id. See also Contracting Northwest, Inc. v. City of Fredericksburg, Iowa, 713 F.2d 382, 387 (8th Cir. 1983) ("the district court had the inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it."). Accordingly, it is hereby

ORDERED that the motion to stay proceedings (Docket 20) is granted.

IT IS FURTHER ORDERED that the motion to compel (Docket 18) is stayed pending further order of this court.

IT IS FURTHER ORDERED that following completion of the Negrete court proceedings on September 13, 2010, the parties must submit simultaneous briefs on or before **Friday, October 1, 2010**, addressing the following issues:

1. Whether these proceedings should continue against OM; and

2. Whether these proceedings should continue against Marquand and SSEP, separate from and independent of any decision of the Negrete court relating to OM.

Dated August 24, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE